UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLETTE L. RIVERA,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>SCOTT W. BRAY, in his official capacity as Deputy Director of Naval Intelligence,<br><br>　　　　　　　　　Defendant. | Case No.: 22cv1580-CAB-BGS<br><br>**DISMISSAL WITH PREJUDICE** |

　　　　On September 28, 2022, Plaintiff Arlette L. Rivera initiated this civil proceeding as Case No. 37-2022-00038603-CU-HR-EC in the Superior Court of California, County of San Diego against Defendant Scott W. Bray in his official capacity as Deputy Director of Naval Intelligence. [Doc. No. 1-2.]  On October 13, 2022, Defendant removed the civil proceeding to this Court pursuant to 28 U.S.C. §1442(a)(1) on the grounds that the proceeding is against a federal officer in his official capacity.  [Doc. No. 1 at 1-3.] Defendant now moves to dismiss this action for lack of subject matter jurisdiction.

　　　　The motion was filed on October 26, 2022, and set a hearing date (for briefing purposes only) of November 30, 2022.  Civil Local Rule 7.1.e.2 requires a party opposing a motion to file an opposition or statement of non-opposition no later than fourteen calendar days before the noticed hearing.  Thus, based on the hearing date of November 30, 2022, Plaintiff's opposition to the motion to dismiss was due on November 16, 2022.  No opposition has been filed.  Under the local rules, Plaintiff's failure to oppose "may constitute a consent to the granting of [the] motion."  *See* CivLR 7.1.f.3.c.

District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion). Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Id.* at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the *Ghazali* factors support granting the motion based on the lack of opposition because Plaintiff's failure to oppose the motion to dismiss indicates that Plaintiff has abandoned this lawsuit and consents to the granting of the motion to dismiss. The public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to Defendant by further delays in this litigation, and the lack of appropriate less drastic sanctions all support dismissal. Moreover, upon review of the motion and of the record, the motion appears to be meritorious and dismissal is warranted because this Court lacks subject matter jurisdiction for all of the reasons stated in the motion. Therefore, the Court assumes the lack of opposition to the motion to dismiss is intentional and constitutes Plaintiff's consent to the granting of the motion.

Accordingly, the motion to dismiss is **GRANTED** based on the lack of opposition and on its merits for the reasons set forth above, and the complaint is **DISMISSED WITH PREJUDICE**.

It is **SO ORDERED.**

Dated: November 22, 2022

_____
Hon. Cathy Ann Bencivengo
United States District Judge